IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                     No. 16-20044-JTF-dkv

ROBERT BATES,

    Defendant.

_____

REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DISMISS THE INDICTMENT

_____

On March 17, 2016, the grand jury returned an indictment charging the defendant, Robert Bates ("Bates"), with eight counts of possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g). (Indictment, ECF No. 1.) The indictment states that the offenses occurred on July 9, 2015. (*Id.*) Now before the court is Bates's April 27, 2016 motion to dismiss the indictment arguing that the Arizona judgment of conviction used by the government to support the current indictment is not sufficient because it has been set aside, and, in the alternative, that the Arizona conviction was not a crime punishable by imprisonment for a term exceeding one year. (ECF No. 15.) The government filed a response on May 9, 2016. (ECF No. 20.) The motion was referred to the United States Magistrate Judge for a report and recommendation. (ECF No. 18.)

Pursuant to the reference, the court held an evidentiary hearing on June 6, 2016.[1] No witnesses were called at the hearing. The government introduced into evidence: (1) the Judgment and Sentence of Probation against Harris issued by Arizona Superior Court for the County of Mohave, dated March 17, 2006; (2) Arizona Revised Statutes Annotated § 13-2904 which defines the offense of Disorderly Conduct; (3) a court order by Arizona Superior Court for the County of Mohave reinstating probation of Bates and adding additional conditions of probation; and (4) Arizona Revised Statutes Annotated § 13-702 which contains sentencing and imprisonment terms for first time felony offenders. (collectively Ex. 3.) Bates introduced into evidence: (1) the Arizona Judgment and Sentence of Probation against Harris; (2) the Arizona court order reinstating probation of Bates; (3) a Judgement of Criminal Restitution; (4) a Probation Violation Report; (5) Bates's Acceptance of Terms and Conditions of Probation; (6) an application by Bates to transfer his probation from Arizona to Tennessee; and (7) an order issued by Arizona Superior Court for the County of Mohave

---

[1] On the same date, the court held an evidentiary hearing on Bates's April 27, 2016 motion to suppress statements made by Bates and his wife and evidence obtained by Shelby County Sheriff deputies following the execution of a levy, pursuant to a Shelby County Circuit Court judgment, at Bates's residence on July 9, 2015. (ECF No. 14.) The court will issue a separate report and recommendation on Bates's motion to suppress.

2

granting Bates's Motion for Restoration of Civil Rights and to Set Aside Judgment dated April 5, 2016. (collectively Ex. 4.)

After careful consideration of the statements of counsel, the exhibits introduced at the hearing, and the entire record in this case, this court submits the following findings of fact and conclusions of law and recommends that the motion to dismiss Bates's indictment be denied.

## I. PROPOSED FINDINGS OF FACT

The exhibits introduced at the hearing indicate that on March 17, 2006, the Superior Court of Arizona for the County of Mohave issued a Judgment and Sentence of Probation, finding Bates "guilty of Disorderly Conduct with a Weapon, a non-dangerous, non-repetitive, an Undesignated offense, in violation of A.R.S. §§ 13-2904(A)(6), 13-701 and 13-801, committed on 7-30-2005." (Gov't's Exs. at 1-2, Ex. 3.) Bates was sentenced to probation for a period of three years. (*Id.*) As a condition of probation, Bates was ordered, *inter alia*, incarcerated in the Mohave County Jail for a period of 150 days. (*Id.* at 2.) On January 5, 2007, after Bates violated the terms of his probation, (*See* Bates's Exs. at 7-15, Ex. 4), the Superior Court of Arizona for the County of Mohave ordered an extension of Bates's probation to May 19, 2009 and ordered Bates to serve 180 days in jail, (*See* Gov't's Exs. at 5, Ex. 3). On April 5, 2016, the Superior Court of Arizona for the County of Mohave granted

3

Bates's Motion for Restoration of Civil Rights and to Set Aside Judgment of Conviction. (Bates's Exs. at 18-19, Ex. 4.)

Ariz. Rev. Stat. Ann. § 13-2904(A)(6) states that "[a] person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person . . . [r]ecklessly handles, displays or discharges a deadly weapon or dangerous instrument." (Gov't's Exs. at 4, Ex. 3.) The statute specifies that such an offense is a class 6 felony. (*Id.*) Ariz. Rev. Stat. Ann. § 13-702(D) states that the term of imprisonment for a presumptive sentence for a class 6 felony is 1 year, however, based on mitigating or aggravating circumstances, the term of imprisonment can range from .33 to 2 years. (*Id.* at 6.)

## II. PROPOSED CONCLUSIONS OF LAW

In the instant motion to dismiss the indictment, Bates argues that the Arizona judgment of conviction cannot not serve as a predicate conviction for the instant § 922(g) charges because that conviction has been set aside and, in the alternative, the Arizona conviction was not for a crime punishable by imprisonment for a term exceeding one year. (ECF No. 15.) In response, the government submits that at the time of the offenses on July 9, 2015, Bates was still a convicted felon and that the Arizona conviction was for a crime punishable by a term of imprisonment exceeding one year. (ECF No. 20.)

A.  Whether the Arizona Judgment of Conviction is Sufficient to Support Bates's Indictment

In the instant indictment, Bates was charged with eight counts of possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g). (Indictment, ECF No. 1.) Section 922(g) states that it is "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess any firearm or ammunition." 18 U.S.C. § 922(g). Section 921 of Title 18 defines the term "crime punishable by a term of imprisonment exceeding one year: in pertinent part as follows:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).

As the record indicates, Bates was convicted in Arizona in 2006 for Disorderly Conduct, a class 6 felony.[2] Because Bates's

---

[2] Contrary to Bates's argument, the Judgment & Sentence of Probation issued by Arizona Superior Court for the County of Mohave was final. "In criminal cases, as well as civil, the judgment is final for the purpose of appeal when it terminates the litigation . . . on the merits and leaves nothing to be done but to enforce by execution what has been determined."

underlying felony was adjudicated in Arizona, Arizona law governs the definition of "convicted." *See United States v. Houston*, 813 F.3d 282, 292 (6th Cir. 2016). Arizona has a general provision in its state laws providing for automatic restoration of civil rights for first time offenders who have completed their probation terms. Ariz. Rev. Stat. Ann. §§ 13-912(A). However, this law "does not apply to a person's right to possess weapons . . . unless the person applies to a court pursuant to § 13-905." *See* Ariz. Rev. Stat. Ann. §§ 13-912(B). Section 13-905 provides that:

> On proper application, a person who has been discharged from probation either before or after adoption of this chapter may have any civil rights which were lost or suspended by the felony conviction restored by the superior court judge by whom the person was sentenced or the judge's successors in office from the county in which the person was originally convicted.

Ariz. Rev. Stat. Ann. § 13-905(B). It appears that Bates made such an application which was granted by Arizona Superior Court Judge Steven Conn. (Ex. 4.) However, that order was entered on April 5, 2016, after Bates committed the §922(g) violations. Therefore, on July 9, 2015, the date he committed the offenses subject to the instant indictment, Bates was still prohibited

---

*Toyosaburo Korematsu v. United States*, 319 U.S. 432, 435 (1943). Here, judgment was entered after Bates entered a plea of guilty and was followed by the institution of a sentence fully explaining the terms of Bates's probation. Therefore, the conviction was final.

6

from possessing firearms under Arizona law. *See United States v. Rzewnicki*, No. CR14-01155-TUC-RCC, 2015 WL 3485611, at *2-3 (D. Ariz. June 2, 2015)(denying the defendant's motion to dismiss indictment for violation of § 922(g) after finding that defendant had not taken the additional steps to restore his right to carry a firearm).[3]

B. <u>Whether Bates Was Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year</u>

In the alternative, Bates argues that his Arizona conviction cannot serve as a qualifying felony conviction under § 922(g) because the presumptive sentence for a class 6 felony is only one year. However, Ariz. Rev. Stat. Ann. § 13-702(D)

---

[3]Other circuits that have considered the issue have also ruled that the decisive question is whether the defendant's prior conviction had been expunged at the time he committed the § 922(g) violation. *See United States v. Morgan,* 216 F.3d 557, 565-66 (6th Cir. 2000)("It is the status of the defendant on the date he possessed the firearm as alleged in the indictment that controls whether or not he has violated [§922(g)], not his later status after his civil rights have been restored."); *United States v. Lee*, 72 F.3d 55, 58 (7th Cir. 1995)(stating that in enacting § 921(a)(20) "Congress clearly intended that the defendant clear his status *before* obtaining a firearm," and holding that the defendant's "conviction had [not] been expunged at the time he committed the § 922(g) violation"); *United States v. Snyder*, 235 F.3d 42, 52-53 (1st Cir. 2000)(holding that at the time the defendant was caught possessing a firearm, his prior conviction was still in effect and that the defendant's belated success in vacation his [prior] conviction bears no relevance to his conviction under § 922(g)(1)"); *United States v. Kahoe*, 134 F.3d 1230, 1233 (4th Cir. 1998)("The plain language of § 921(a)(20) means that a conviction that has been set aside can no longer be disabling. The language does not provide that such a conviction was not disabling between the time it was obtained and the time it was set aside.").

states that the term of imprisonment for a class 6 felony ranges from .33 years to a maximum of 2 years based on aggravating and mitigating circumstances determined by the trier of fact or the court. Therefore, a class 6 felony in Arizona is *punishable* for up to 2 years. Because a class 6 felony in Arizona is "punishable by a term of imprisonment exceeding one year," it qualifies as a felony for purposes of § 922(g). *See also Rzewnicki*, 2015 WL 3485611, at *1-3.

III. RECOMMENDATION

For the reasons expressed above, it is recommended that Bates's motion to dismiss his indictment be denied.

Respectfully submitted this 8th day of June, 2016.

                                        s/Diane K. Vescovo
                                        DIANE K. VESCOVO
                                        UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.