IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:16-cr-20044-JTF-dkv |
| ROBERT BATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER ADOPTING THE REPORT AND RECOMMENDATIONS
ON DEFENDANT'S MOTION TO DISMISS THE INDICTMENT
AND ON DEFENDANT'S MOTION TO SUPPRESS

Before the Court is Defendant Robert Bates' Motion to Suppress Items Taken from the Home and Statements filed on April 27, 2016. (ECF No. 14). The Government filed a Response and a Supplemental Response to the Defendant's Motion to Suppress on May 3, 2016, and June 3, 2016, respectively. (ECF Nos. 19 and 22). On April 27, 2016, the Defendant filed an additional motion, a Motion to Dismiss the Indictment, to which the Government filed a Response on May 9, 2016 with attachments in support. (ECF Nos. 15 and 20). On April 28, 2016, the Court referred both motions to the United States Magistrate Judge for Report and Recommendations pursuant to 28 U.S.C. § 636(b). (ECF No. 18).

On June 6, 2016, the Magistrate Judge conducted an evidentiary hearing on Defendant's Motion to Suppress and Motion to Dismiss the Indictment. (ECF No. 23). After considering the parties' arguments and the exhibits presented during the evidentiary hearing, the Magistrate Judge issued her report and recommendation on June 8, 2016, that the Defendant's Motion to

1

Dismiss the Indictment be Denied. On June 21, 2016, the Defendant filed timely objections. (ECF Nos. 24 and 25). On June 28, 2016, the Magistrate Judge entered a report and recommendation, recommending that the Defendant's Motion to Suppress also be denied to which Defendant filed objections on July 6, 2016. (ECF Nos. 26 and 32).

For the following reasons, the Court finds the Magistrate Judge's report and recommendations should be adopted in full and the Defendant's Motions should be DENIED.

## STANDARD OF REVIEW

A United States District Court Judge may refer certain dispositive motions, including motions to dismiss the indictment, to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 636(b); *U.S. v. Houston*, Case No. 3:13-10-DCRF, 2013 WL 3975405 *1 (E.D. Tenn. July 29, 2013). The District Judge may accept, reject or modify in whole or in part, the Magistrate's proposed findings and recommendations. *U.S. v. Raddatz*, 447 U.S. 667, 673-675 (1980), *reh'g den*., 448 U.S. 916 (1980). See 28 U.S.C. §636 (b)(1)(B).

In criminal cases, the District Judge is required to make a *de novo* determination of those portions of a Magistrate's report and recommendation to which specific objections are made regarding the dispositive matters contained in the report and recommendation. *Id.* at 674-675. See also, *U.S. v. Quinney*, 238 Fed. Appx. 150, 152 (6th Cir. 207) and *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

**I**. **DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

**FACTUAL HISTORY**

For purposes of the Defendant's Motion to Dismiss, the Court adopts the Magistrate Judge's proposed findings of fact as the factual history of this case. As such, the findings of fact

are that on March 17, 2006, Bates was convicted of disorderly conduct with a weapon in violation of Ariz. Rev. Stat. § 13-2904(a)(6), § 13-701 and § 13-801. On April 5, 2016, the Superior Court of Arizona for Mohave County granted Bates' motion for restoration of his civil rights and to set aside the judgment. (ECF No. 24, pp. 3-4). On March 17, 2016, a federal grand jury in the Western District of Tennessee returned an eight-count indictment charging Bates with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (ECF No. 1). The Defendant has not raised any objections to the proposed findings of fact.

## ANALYSIS

The Defendant asserts that the indictment against him in this case should be dismissed because his prior Arizona conviction was set aside, or in the alternative, was not a felony conviction. As such, Defendant argues that the Arizona offense is not a predicate conviction sufficient to support the pending § 922 (g) charges contained within the indictment at issue. (ECF No. 15). The Government contends that on the date of the instant offense, July 9, 2015, Bates was a convicted felon and the Arizona conviction was a crime punishable by a term of imprisonment of more than one year. (ECF No. 20).

In her report and recommendation, the Magistrate Judge examined two issues: 1) whether the Arizona Judgment of Conviction is sufficient to support Bates' indictment for a violation of 18 U.S.C. § 922(g); and 2) whether Bates was convicted of a crime punishable by a term of imprisonment for more than one year.[1] On June 21, 2016, Bates filed objections to the report

---

[1] In reaching her decision, the Magistrate Judge examined the following documents and statutes, among others, that were offered during the evidentiary hearing labeled Collective Exhibits Number 3 and 4.

Collective Exhibit Number 3 offered by the Plaintiff included: The March 17, 2006 judgment and probationary sentence imposed against Harris by the Arizona Superior Court for the County of Mohave; the applicable Ariz. Rev. Stat. Ann. §§ 13-2904 and 13-702; and the Arizona Superior Court order reinstating Bates' term of probation with additional provision.

and recommendation.[2] (Objections, ECF No. 25, pp. 1-2). The Government has not filed a reply.

Objections:

1. Bates' Arizona Conviction was not a Final Conviction

Defendant first objects to the Magistrate Judge's proposed conclusions of law that Bates' conviction was "final for purposes of appeal." (ECF No. 25, pp. 1-2).

A prior judgment in a criminal case that is conclusive as to all the issues actually litigated and adjudicated serves as a final judgment. *See also State v. Nunez*, 167 Ariz. 272, 277 (1991) citing, *State v. Little,* 87 Ariz. 295, 304 (1960). The Magistrate Judge's reference that Bates' judgment was final for purposes of appeal is legally correct.

> Since September 30, 1992, pursuant to A.R.S. § 13-4033(B), and Rules 17.1(e), 17.2 (e) and 27.8 (e), defendants no longer enjoy a direct appeal from a plea agreement or probation violation admission proceeding. . . . These rule and statutory changes were intended to preclude defendants in noncapital cases from seeking direct appellate review of a judgment or sentence entered pursuant to a guilty plea or a probation violation admission."

*State v. Jimenez*, 188 Ariz. 342, 343-44 (Ariz. Ct. App. Dec. 24, 1996). As such, the conviction for the Class 6 felony conviction for disturbing the peace and the subsequent probation violation were both final judgments.

Bates has not demonstrated how his disorderly conduct with a weapon in violation of Ariz. Rev. Stat. § 13-2904(a)(6) is not final. Bates has presented nothing to persuade this Court

---

Collective Exhibit Number 4 was introduced by the Defendant Bates during the evidentiary hearing: The Arizona Judgment and Sentence of Probation against Harris; the Arizona court order reinstating his probation; the judgment of criminal restitution, the Probation Violation report; Bates' acceptance of the Terms and Conditions of his probation; Bates' application to transfer his probation from Arizona to Tennessee; and an April 5, 2016 order by the Arizona Superior Court for the County of Mohave granting Bates' motion for Restoration of his Civil Rights and to Set Aside Judgment.

[2] The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Thomas v. Arn*, 474 U.S. 140, 1347-48 (1985).

that the Magistrate Judge was wrong when she concluded he was convicted of a felony and was on probation at the time of the instant charges. *State v. Bernini*, 233 Ariz. 170, 175 (Ariz. Ct. App. Sept. 30, 2013). This objection is without merit, and is **Overruled**.

2. <u>Bates' Prohibition from Carrying Firearms</u>

The Magistrate Judge concluded that on July 9, 2015, the date of the instant offense, Bates' rights had not been restored pursuant to Ariz. Rev. Stat. §§ 13-905 and 13-912 by the Arizona Superior court. The automatic provision for the restoration of ones' rights in Arizona does not pertain to a person's right to possess weapons. As such, the Magistrate Judge concluded that Bates was still prohibited by law from carrying or possessing firearms. (ECF No. 24, pp. 5-6). The Defendant objects to the Magistrate Judge's recommendation that because his rights had not been restored, he was still prohibited from carrying weapons at the time of this indictment. (ECF No. 25, pp. 2-3).

Similar to the Magistrate Judge, the undersigned Court has reviewed the pleadings, submissions of the parties and the exhibits offered during the evidentiary hearing. Bates makes reference to Arizona's provision that automatically restores civil rights to first time offenders upon completion of their term of probation. However, as the Magistrate Judge correctly noted, automatic restoration of rights does not apply to a person's right to possess weapons. A person convicted under these circumstances must apply for civil rights restoration to the convicting court. (ECF No. 24, p. 6). The order restoring Defendant's rights was entered by the Honorable Steven F. Conn on April 5, 2016. Therefore, Bates was still a felon who was prohibited from possessing weapons on July 9, 2015, the date of the underlying offense. (ECF No. 15-1, Exhibit B; or Evidentiary Hearing Exhibit 4, p. 18). Because Bates' rights had not been restored prior to

5

July 9, 2015, the Arizona conviction for disorderly conduct, a Class 6 felony, qualifies as a predicate offense. This objection is also **Overruled**.

    3. <u>The Class 6 Felony Qualifies as a Predicate Offense for Purposes of § 922 (g)</u>

Lastly, the Defendant objects to the Magistrate Judge's determination that the Class 6 felony in Arizona was punishable by a term of imprisonment exceeding one year. (ECF No. 25, p. 3). Instead, Bates argues that the presumptive one year sentence was applicable to this case. *Id.*

In Arizona, disorderly conduct is classified as a Class 6 felony. See Ariz. Rev. Stat. § 13-2904(a)(6). Under paragraph 6, this conduct includes the reckless handling, display or discharge of a dangerous weapon or dangerous instrument. "[E]ach Class 6 felony carries a presumptive sentence of 1 year; and a minimum sentence of .5 years…; and a maximum sentence of 1.5 years (an aggravated sentence of 2 years)". *Short v. Ryan*, No. CV-13-08276-PCT-SPL, 2015 WL 1186240 *2 (D.Ariz. March 13, 2015). "Pursuant to A.R.S. § 13-604(A), if a person is convicted of any class 6 felony not involving a dangerous offense and the trial court finds it would be unduly harsh to sentence the defendant for a felony, the court may enter judgment of conviction for a class 1 misdemeanor . . . or may place the defendant on probation . . . and refrain from designating the offense as a felony or misdemeanor until such time as the court may actually enter an order designating the offense a misdemeanor." *State v. Russell*, 226 Ariz. 416, 418 (Ariz. Ct. App. April 5, 2011).

The Arizona Superior Court judgment dated March 17, 2006, described the offense of disorderly conduct with a weapon as a non-dangerous offense. (ECF No. 31, Exhibit 3). However, the court did not provide that Bates' Class 6 felony would be treated as a misdemeanor. Therefore, the Magistrate Judge correctly concluded that the Class 6 conviction

carried a possible punishment of more than one year of incarceration. This objection is **Overruled**.

In conclusion, Defendant's objections to the Magistrate Judge's report and recommendation regarding the Motion to Dismiss the Indictment are all without merit and as such are **Overruled**.

## II. <u>DEFENDANT'S MOTION TO SUPPRESS</u>

### <u>FACTUAL HISTORY</u>

The Magistrate Judge provided proposed findings of fact in reference to the Defendant's Motion to Suppress. (ECF No. 26, pp. 3-5, Govt's Exhibit No. 2). On May 13, 2015, the firm of Rice Admundsen obtained a Default Judgment and monetary judgment against Bates in the Circuit Court of Tennessee for $66,718.00 in unpaid legal fees incurred in a domestic matter. (ECF Nos. 19-2, 19-4 and 19-5). Pursuant to the Default Judgment, on July 9, 2015, the Shelby County Sheriff's office ("SCSO") executed a levy upon Bates' residence at 197 Ivy Grove Road, Collierville, Tennessee in order to satisfy the judgment. During the execution of the levy, Sheriff's officers seized personal property, including eight firearms, a computer, knives, Craftman and Dewalt tools and a pick-up truck. (ECF No. 19-7 and ECF No. 33, pp. 37). The seized firearms led to the grand jury indictment in this case.

On April 27, 2016, the Defendant filed a Motion to Suppress Items Taken From the Home of the Defendant, Robert Bates and To Suppress Statements Made By the Defendant and His Wife. (ECF No. 14). Bates argues that because the Sheriff's officers unlawfully entered his residence without a warrant or his consent, the seizures of the firearms were in violation of his Fourth Amendment rights under the U.S. Constitution, as well as, Art. I, Section 7 of the Tennessee State Constitution. Bates also contends that any statements made by him and his wife

7

during the search and seizure were fruit of the poisonous tree. (ECF No. 14). The Government opposes the motion to suppress on the basis that the officers were acting pursuant to a court order, in good faith, and that the due process measures were followed.

On June 6, 2016, the Magistrate Judge also conducted an evidentiary hearing on this motion. At the hearing, she heard arguments from counsel, testimony from FBI Special Agent Kathleen Bowden and Defendant Bates, and received documentary evidence. On June 28, 2016, the Magistrate Judge issued a report and recommendation that the Court deny the Defendant's motion to suppress. The Defendant filed objections to the report and recommendation on July 6, 2016. The Government has not filed a reply. (ECF Nos. 26 and 32).

The Defendant has raised several objections to the Magistrate Judge's report and recommendation. (ECF No. 32).

1. The Officers Lawfully Entered the Residence Pursuant to the *Fieri Facias* Order

The Defendant first objects to the Magistrate Judge's conclusion that the SCSO officers entered Bates' residence lawfully pursuant to the *fieri facias* order in order to levy execution on his personal property to satisfy the judgment. (ECF No. 32, pp. 1-2 and ECF No. 6). The Government contends that the officers acted lawfully pursuant to a court order. The Government asserts the officers were following the legal process afforded them by state law in order to execute a levy upon a judgment debtor. Tenn. Code Ann. § 8-8-201(a)(5).[3]

The Magistrate Judge concluded that Bates had been duly notified of the civil action against him and the reasons why the default judgment against him was entered. (ECF No. 26, pp. 2-3, 7). Bates confirmed this conclusion during the evidentiary hearing as he testified that he had received an initial summons regarding the proceedings and was aware of the firm's lawsuit

---

[3] Said provision authorizes the Sheriff's office to execute all writs and other orders entered in civil lawsuits within the county. See Tenn. Code Ann. § 8-8-201(a)(5)

against him. He also noted that he was aware that the SCSOs were there to "serve a judgment on a lawsuit" and that he never returned and was unsure whether he intended to return to Circuit Court to challenge any of the underlying proceedings or the seizure of his property. (ECF No. 33, pp. 32-35). Additionally, during the evidentiary hearing, the Magistrate Judge inquired as to the time limit, notice requirements and procedures in which a seizure may be challenged; to which the Government provided clarification. (*Id.* at 59-60). Bates also confirmed that he never objected to the officer's entry into his home. (*Id.* at 31-33).

The affidavit in support of the levy for the *fieri facias*, issued by the Circuit Court on June 2, 2015, provided that the Shelby County Sheriff's officers:

> Levy execution on the personal property of said Defendant, Robert Bates. Seize all: gold, silver, safes, cars, cash, and any item of value up the judgment amount at 197 Ivy Grove Rd. Collierville, TN 38017, to satisfy said Judgment up to $66,718.00, plus costs.

(ECF No. 19-6). The Court agrees with the Magistrate Judge's determination that the officers were authorized by court order to enter the residence and seize any personal property to satisfy the judgment. The objection is **Overruled**.

2. Similar Objections to the Magistrate Judges' Search and Seizure Recommendations:

a. Whether the Magistrate Judge Addressed the Issue of Warrantless Search;
b. Does the Service of Civil Process Authorize a Warrantless Search; and
c. Was the Seizure Was Unreasonable under the Fourth Amendment?

Next, the Defendant asserts three identical objections that are essentially the same as the issue previously addressed - that the Magistrate Judge failed to address the issue of warrantless search without consent; whether the service of civil process or the *fieri facias* order authorized the search and seizure of his property; and last, if the search and seizure was unreasonable under the Fourth Amendment. (ECF No. 32, pp. 2-4).

Again, as noted herein, the Magistrate Judge determined that *fieri facias* authorized seizure of any items of value from his residence to satisfy the judgment. The *fieri facias* specifically named gold, silver, safes, cars, and cash. It is only logical to assume that the officers would have to enter the residence in order to seize most of the items listed on the order. Relying on *State v. Harris*, 919 S.W.2d 619, 625 (Tenn. 1995), the Defendant contends that the Magistrate Judge failed to address the propriety of the SCSO's entry into the residence or the concept of "search" and therefore, the firearms should be suppressed. This argument is simply incorrect.

The Magistrate Judge thoroughly examined these issues, concluding that Bates failed to demonstrate that the officers violated the terms of the *fieri facias* order or his Fourth Amendment rights by entering his residence and seizing the property. *See* Revis *v. Meldrum*, No. 3:040CV-532, 2005 WL 1489126, at *3-5 (E.D. Tenn. June 16, 2005), *affirmed in part and reversed in part*, 489 F.3d 273, 277 (6th Cir. 2007). (ECF No. 26, pp. 6-9). As pointed out by the Defendant in his objections, the Magistrate Judge intimated that service of civil process does not authorize all searches of private property. However, she specifically concluded that the writ of execution in this case authorized the SCSO to enter Bates' home and seize his property. *Id.* at 9.

"A bedrock principle of the Fourth Amendment law is that warrantless searches and seizures inside a residence are presumed to be unreasonable." U.S.C.A. Const. Amend. 4; T.C.A Const. Art. 1 § 7; *State v. Carter*, 160 S.W.3d 526, 531 (Tenn. 2005). However,

> In all cases when the King is party, the Sheriff (if the doors be not open) may break the party's house, either to arrest him, or to do other execution of the K's process, if otherwise he cannot enter. But before he breaks it, he ought to signify the cause of his coming, and to make request to open doors; and that appear well . . . . ; for perhaps he did not know of the process, of which, if he had notice, . . . . where it is said, that the K.'s officer who comes to do execution , &c. may open the doors which are shut . . . .

*Payton v. New York*, 445 U.S. 573, 592-93 (1980) quoting, *In Semayne's Case*, 5 Co. Rep. 91a, 91b (K.B. 1603) (the sheriff's authority to enter a home to effect service of civil process).

During the evidentiary hearing as well as in his motion to suppress, Bates cites *State v. Harris*, 919 S.W.2d 919, 625 (Tenn. 1995) for the proposition that civil service does not automatically authorize a warrantless search of private property. (ECF No. 32, p. 3). The Court has already agreed with the Magistrate Judge's determination that the *fieri facias* order from the Circuit Court legally authorized the search and seizure. "[T]he appropriate inquiry for a federal court considering a motion to suppress evidence seized by state police officers is whether the arrest, search, or seizure violated the Fourth Amendment." *U.S. v. Jones*, No. , 2011 WL 5967208 *7 (W.D. Tenn. Nov. 29, 2011) quoting *U. S. v. Wright*, 16 F.3d 1429, 1436 (6th Cir. 1994). The Court agrees with the Magistrate Judge that the Defendant did not contest the circumstances of the search and seizure, or the underlying judgment and *fieri facias*. Nor is there any connection in "time, place or purpose" between the actions of the Sheriff's deputies on July 9, 2015, and the ensuing federal investigation that resulted in the March 17, 2016 indictment for firearms violations. (ECF No. 26, pp. 15-17). Accordingly, Defendant's objections that the search and seizure in this case was a violation of his Fourth Amendment rights and that the Magistrate Judge failed to address these issues are **Overruled.**

1. <u>The Exclusionary Rule - *Leon*</u>

The Magistrate Judge determined that the officers did not exceed their authority and therefore, there was no illegal search. In the alternative, the Magistrate Judge concluded that even if the SCSO's conduct violated the Fourth Amendment, the exclusionary rule should not apply. (ECF No. 26, pp. 9-16). The Defendant argues that the officers "clearly went beyond the scope of their authority in this matter" and objects to the Magistrate Judge's finding that the

exclusionary rule should not apply in his case. (ECF No. 32, pp. 3-6). The Government argues that the officers did not exceed their authority and maintain that the exclusionary rule does not apply in this instance. The Government asserts that excluding evidence obtained in good faith would not serve the goal of the exclusionary rule, or the deterrence of police misconduct. (ECF No. 19 and Supplemental Response ECF No. 22, ¶ 4).

This Court finds that if the search of the residence was in fact unlawful, then under the facts of this case, the exclusionary rule should not be applied under the good faith exception. *U.S. v. Leon*, 468 U.S. 897 (1984).

During the evidentiary hearing, the Government relied on *U.S. v. Medina*, 181 F.3d 1078, 1082 (9th Cir. 1999), expanding on their argument that the officers who performed the civil seizure to satisfy the money judgment for attorney's fees and the subsequent investigation for the illegal possession of firearms did not overlap. The Government supported this theory by offering testimony from Special Agent Bowden that the firearms investigation was implemented about four or five weeks after the search of Bates' residence. (ECF No. 33, pp. 8-11). Agent Bowden testified that she, Inspector Susan Link, and Jack Dietz with the postal service became involved with a firearms investigation of Bates in mid-August of 2015. (ECF No. 33, p. 17, see also Hearing Exhibit 1, Investigation Details). The SCSO searched Bates' residence pursuant to the *fieri facias* order on June 9, 2015. (ECF No. 33, pp. 31, 35). Accordingly, the Government asserts that because the federal government had nothing to do with the initial seizure, the guns should not be suppressed because the "zones of primary interest" were separate. In other words, the Sheriff's officers who executed the *fieri facias*, had no reason to anticipate Bates' subsequent prosecution for a 922(g) violation. (ECF No. 22, pp. 1-3 and ECF No. 33, pp.7-8).

The Court finds that the evidence and testimony presented at the hearing, confirm that the SCSO officers were within their authority to search Bates' residence and seize his personal property. Further, the SCSO's search and seizure was not within the "zone of primary interest" of the federal investigators. *Medina*, 181 F.3d at 1082. (ECF No. 33, p. 18). Therefore, the Defendant's objection in this regard is also **Overruled**.

After a *de novo* review of the Magistrate Judge's report and recommendations, (ECF No. 24 and ECF No. 26), including Defendant's objections and the transcript of the evidentiary hearing and exhibits, the Court adopts the Magistrate Judge's recommendations and finds that Defendant's Motion to Dismiss the Indictment, ECF No. 15, and Defendant's Motion to Suppress, ECF No. 14, should be **DENIED.**

**IT IS SO ORDERED** on this 24th day of August, 2016.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge